| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Ja Vonne M. Phillips, Esq. SBN 187474<br>Brielyn Sesko, Esq. SBN 241596<br>**McCarthy & Holthus, LLP**<br>1770 Fourth Avenue<br>San Diego, CA 92101<br>Phone (619) 685-4800<br>Fax (619) 685-4810<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Aurora Loan Services, LLC, its assignees and/or successors | **FILED & ENTERED**<br><br>OCT 15 2010<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** steinber **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Samuel S Islas,<br><br>                                                                    Debtor. | CHAPTER: 7<br>CASE NO.: 8:10-bk-20756-TA<br>DATE: 10/05/2010<br>TIME: 10:00 AM<br>CTRM: 5B<br>FLOOR: 5th Floor |
|---|---|

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
## (MOVANT: Aurora Loan Services, LLC, it assignees and/or successors)

1. The Motion was: ☐ Contested ☒ Uncontested ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):

   *Street Address:* 8377E Loftwood Ln
   *Apartment/Suite No.:* 120
   *City, State, Zip Code:* Orange, CA 92867

   Legal description or document recording number (including county of recording): 2006000843822, Orange County, California

   ☒ See attached page

3. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.

   b. ☒ Annulled retroactively to the date of the bankruptcy petition filing.

   c. ☐ Modified or conditioned as set forth in Exhibit   to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

(Continued on next page)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-10.RP

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Samuel S Islas, | Debtor. | CASE NUMBER.: 8:10-bk-20756-TA |

6. ☐ Movant shall not conduct a foreclosure sale before the following date *(specify):*

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☒ transfer of all or part of ownership of, or interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court orders as follows:

   a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
   c. ☒ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER).*
   d. ☒ See attached continuation page for additional provisions.

###

DATED: October 15, 2010

*Theodor C. Albert*
United States Bankruptcy Judge

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

F 4001-1O.RP

Order on Motion for Relief from Stay (Real Property) – Page 3 of 6    **F 4001-1O.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Samuel S Islas, | Debtor. | CASE NUMBER.: 8:10-bk-20756-TA |

## *(OPTIONAL)*
## EXTRAORDINARY RELIEF ATTACHMENT
### (MOVANT: Aurora Loan Services, LLC, its assignees and/or successors)

*(This Attachment is the continuation page for Paragraph 3(c) of Page 4 of the Relief From Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☐ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. ☐ That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   - ☐ without further notice.
   - ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☒ Other (*specify*):  If recorded in compliance with applicable state laws governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. §362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-10.RP**

Order on Motion for Relief from Stay (Real Property) – Page 4 of 6    **F 4001-1O.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Samuel S Islas, | Debtor. | CASE NUMBER.: 8:10-bk-20756-TA |

Legal Description

Real property in the City of Orange, County of Orange, State of California, described as follows:

A CONDOMINIUM COMPRISED OF:

PARCEL NO. 1:

UNIT 120 AS SHOWN AND DESCRIBED IN THE PHASE 8 CONDOMINIUM PLAN FOR CASITA (TOGETHER WITH ANY AMENDMENTS THERETO, COLLECTIVELY, THE "PLAN"), WHICH PLAN WAS RECORDED ON MARCH 24, 2004, AS INSTRUMENT NO. 2004-0242482 AND RE-RECORDED SEPTEMBER 17, 2004 AS INSTRUMENT NO. 2004-0840812 IN OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA. THE PLAN CONCERNS LOT 1 OF TRACT NO. 16454, WHICH TRACT IS SHOWN ON THE SUBDIVISION MAP FILED IN BOOK 850, AT PAGES 12 TO 18, INCLUSIVE, OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE ORANGE COUNTY RECORDER.

EXCEPTING THEREFROM:

A. ALL OIL RIGHTS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND RIGHTS TO ALL OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, TO ALL GEOTHERMAL HEAT AND TO ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING; AND

B. THE PERPETUAL RIGHT TO DRILL, MINE, EXPLORE AND OPERATE FOR AND TO PRODUCE, STORE AND REMOVE ANY OF THE SUBSURFACE RESOURCES ON OR FROM THE UNIT, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE UNIT, WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE UNIT, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS WITHIN OR BEYOND THE EXTERIOR LIMITS OF THE UNIT, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, BUT WITHOUT THE RIGHT TO DRILL, MINE, EXPLORE, OPERATE, PRODUCE, STORE OR REMOVE ANY OF THE SUBSURFACE RESOURCES THROUGH OR IN THE SURFACE OR THE UPPER FIVE HUNDRED (500) FEET OF THE SUBSURFACE OF THE UNIT.

PARCEL NO. 2:

AN UNDIVIDED ONE-TENTH (1/10) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA DESCRIBED IN THE PLAN.

PARCEL NO. 3:

NONEXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, ENCROACHMENT, MAINTENANCE, REPAIR, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN ON THE PLAN AND THE MAP, AND AS DESCRIBED IN THE COMMUNITY DECLARATION, THE NOTICE OF ADDITION AND THE DECLARATION.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-10.RP**

| Order on Motion for Relief from Stay (Real Property) – Page 5 of 6 | | F 4001-1O.RP |
|---|---|---|
| In re<br>Samuel S Islas, | (SHORT TITLE) | CHAPTER: 7 |
| | Debtor. | CASE NUMBER.: 8:10-bk-20756-TA |

**Continuation Page For Additional Provisions Pursuant To 10 (d) Of Attached Order**

**IT IS FURTHER ORDERED that Movant may contact the Debtor to comply with California Civil Code Section 2923.5.**

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-1O.RP**

Order on Motion for Relief from Stay (Real Property) – Page 6 of 6        **F 4001-1O.RP**

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Samuel S Islas, | Debtor. | CASE NUMBER.: 8:10-bk-20756-TA |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____10/07/2010_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Patti H Bass    ecf@bass-associates.com
- Stephen Hosford    shosford@hosfordincalc.com
- Karen S Naylor (TR)    acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com
- Brielyn Sesko    bknotice@mccarthyholthus.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:**
A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

DEBTOR - Samuel S Islas, 12172 W. Edinger, Apt. 208,  Fountain Valley, CA 92708

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*    **F 4001-10.RP**